ORIGINAL

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 1 2 2014
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ANIS ATTIA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11-588C ) (Judge Bush) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully opposes the motion of *pro se* plaintiff, Anis Attia, to supplement the administrative record. The Court should deny Mr. Attia's motion to supplement the administrative record on two grounds. First, Mr. Attia requests that the administrative record be supplemented to include documents that were not before the agency when making the decision(s) subject to this lawsuit. These documents are not necessary to permit effective judicial review. Second, Mr. Attia seeks to supplement the administrative record with documents related to either claims that are unripe or claims over which this Court has no jurisdiction. Finally, Mr. Attia's general discovery request does not establish why the requested discovery is necessary to permit effective judicial review of viable claims before this Court. As such, Mr. Attia's motion to supplement the administrative record should be denied.

### ARGUMENT

I. Supplementation Of The Administrative Record And Discovery Are Not Necessary To Permit Effective Judicial Review of Mr. Attia's Viable Claims

When engaged in a "record review," the Court should consider only materials that were before the agency at the time of its decision: "[t]he task of the reviewing court is to apply the appropriate [Administrative Procedure Act ("APA")] standard of review, 5 U.S.C. § 706, to the

agency decision based *on the record the agency presents to the reviewing court.*" *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374, 1379-80 (Fed. Cir. 2009) (quoting *Fla. Power & Light v. Lorion*, 470 U.S. 729, 743-44 (1985) (emphasis added by Federal Circuit)). Judicial review of an agency's action or determination is generally limited to "the administrative record already in existence, not some new record made initially in the reviewing court." *Id.* at 1379 (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The Court should have before it neither more nor less information than did the agency when it made its decision. *Id.* Extra-record materials and post-hoc rationalizations should not be considered. *Mike Hooks, Inc. v. United States*, 39 Fed. Cl. 147, 154 (1997).

"The purpose of limiting review to the record factually before the agency is to guard against courts using new evidence to 'convert the arbitrary and capricious standard into effectively de novo review.'" *Axiom Resource Management, Inc.*, 564 F.3d at 1380 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)). Supplementation should be limited, therefore, to cases in which "the omission of extra-record evidence precludes effective judicial review." *Id.*; *see also Murakami*, 46 Fed. Cl. at 735 ("[E]xceptions to the general rule against extra-record evidence are based upon *necessity, rather than convenience*, and should be triggered *only* where the omission of extra-record evidence precludes effective judicial review.") (emphasis added).

A. Mr. Attia Requests The Addition Of Documents That Were Not Before The Agency When It Made Its Determination

Mr. Attia's motion to supplement the administrative record freely admits that some of the documents he seeks to add to the record were not before the agency when it made the decisions being challenged by Mr. Attia in this case. Mot. to Suppl. at 1 ("Some of the records to be added, while not previously submitted to the Agency . . ."). By this request, Mr. Attia seeks to

have the Court create a new record that includes evidence that was not before the agency, yet Mr. Attia offers no reasoned basis for the Court to make an exception to the bright-line principles that instruct against doing so in *Axiom* and its progeny. Because Mr. Attia does not identify the documents sought or provide a compelling explanation of how those documents would be necessary to permit the Court's effective review of a particular agency action or determination, the Court should deny Mr. Attia's motion to supplement the administrative record as it relates to documents that were not before the agency.

B. The Administrative Record Should Include Only Documents Relevant To Cognizable Claims Before This Court

Mr. Attia requests that the administrative record be supplemented with documents related to the claims raised in his proposed amended complaint, attached as Exhibit A to his motion to amend the complaint filed on February 18, 2014.[1] Dkt. No. 45. As detailed in our response in opposition to the motion to amend the complaint, the Court should deny the motion to amend because it is futile. Of the claims that can be construed from the proposed amended complaint, the Court has subject matter jurisdiction over only one (Mr. Attia's pay claim), and that claim is not ripe for the Court's adjudication. The remaining claims are all equitable in nature and are not incident of and collateral to a monetary judgment. Accordingly, this Court does not possess jurisdiction to entertain those claims.

Because no final decision has been made by Defense Financial and Accounting Services (DFAS) regarding Mr. Attia's back pay award and allowances, the claim is not ripe for adjudication by this Court. DFAS is currently processing the back pay award and allowance.

---

[1] The Government filed its opposition to Mr. Attia's motion to amend the complaint concurrently with this response.

Thus, no record of the DFAS decision exists. Accordingly, inclusion in the administrative record of documents related to an agency decision that has not yet been made would be improper.

Further, the administrative record should not be supplemented to include documents related to the remaining claims put forward in Mr. Attia's proposed amended complaint, including documents related to Mr. Attia's discharge, permanent profile, and Medical Evaluation Board Narrative Summary. As explained in our response to the motion to amend the complaint, with the exception of the pay claim, all of the claims in the proposed amended complaint are equitable in nature and outside the scope of this Court's subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491. *See* Def.'s Resp. to Pl.'s Mot. to Am. Compl. at 4-5. Thus, there is no reason to supplement the administrative record to include documents related to those claims. To do so would unnecessarily complicate the issues in this case and litter the administrative record with irrelevant documents that were not before the agency in connection with a properly challenged agency decision.

    C.    Mr. Attia Fails To Establish Why Discovery Is Necessary To Permit Effective Judicial Review

Mr. Attia makes a general request for discovery presumably related to the claims raised in the proposed amended complaint. *See* Mot. to Suppl. at 1. Mr. Attia asserts that his claims have "evolved since his reinstatement to active duty." *Id.* Mr. Attia fails, however, to demonstrate how his claims have evolved. Moreover, Mr. Attia does not establish why discovery is needed to permit effective judicial review of those claims that are cognizable by this Court. Should the Court grant Mr. Attia's motion to amend the complaint, in full or in part, the administrative record would be corrected to include those documents that were before the agency when taking the actions or making the determinations challenged. It is, at best, premature to assume that those documents would not be sufficient to permit effective judicial review of Mr.

Attia's amended claims. As such, the Court should deny Mr. Attia's general request for discovery.

## CONCLUSION

For these reasons, the Court should deny Mr. Attia's motion to supplement the administrative record.

                            Respectfully submitted,

                            STUART F. DELERY
                            Assistant Attorney General

                            BRYANT G. SNEE
                            Acting Director

OF COUNSEL:

                            REGINALD T. BLADES, JR.
                            Assistant Director

CAPTAIN GEOFF GUSKA
U.S. Army Litigation Division
9275 Gunston Road
Fort Belvoir, VA 22060-5546

                            ALEXIS J. ECHOLS
                            Trial Attorney
                            Commercial Litigation Branch
                            Civil Division
                            Department of Justice
                            P.O. Box 480
                            Ben Franklin Station
                            Washington, D.C. 20044
                            Telephone: (202) 616-0463
                            Facsimile: (202) 307-0972
                            alexis.j.echols@usdoj.gov

Date: March 12, 2014                  Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 12th day of March, 2014, I caused to be placed in the United States mail (first class mail, postage prepaid) copies of "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD" addressed as follows:

Anis Attia
579 61st Street
Apt. 1A
Brooklyn, NY 11220-4632

_____