Case 1:11-cv-00588-LJB Document 49 Filed 03/12/14 Page 1 of 7

ORIGINAL

FILED
MAR 1 2 2014
U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ANIS ATTIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-588C |
| ) | (Judge Bush) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Defendant, the United States, respectfully opposes the motion of *pro se* plaintiff, Anis Attia, to amend the complaint. Although the Government recognizes that an amended complaint is appropriate in light of the Army Board of Correction for Military Records (ABCMR) decision, dated December 6, 2012,[1] we oppose Mr. Attia's request to amend the complaint because it is futile. Of the claims that can be construed from the proposed amended complaint, the Court has subject matter jurisdiction over only one, and that claim is not ripe for the Court's adjudication. The remaining claims are all equitable in nature and are not incident of and collateral to a monetary judgment. Accordingly, this Court does not possess jurisdiction to entertain those claims. The Court should, therefore, deny Mr. Attia's motion to amend the complaint as proposed.

I. The Court Should Deny Mr. Attia's Motion To Amend The Complaint As Futile

"[F]utility of amendment" is an appropriate basis upon which to deny a motion to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In "assessing 'futility,' the [trial] court

---

[1] The Government believes that an amendment to the complaint is necessary to set forth clearly the claims that remain following the ABCMR decision. Mr. Attia's proposed amended complaint fails in this regard.

applies the same standard of legal sufficiency as [it] applies under Rule 12(b)(6).'" *Taylor Consultants, Inc. v. United States*, 90 Fed. Cl. 531, 546 (2009) (quoting *Merck & Co., Inc. v. Apotex, Inc.*, 287 Fed. Appx. 884, 888 (Fed. Cir. 2008)). Plaintiff carries the burden of establishing subject matter jurisdiction. *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed. Cir. 2007)).

A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94. Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest. *See, e.g., Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Furthermore, the filings of *pro se* plaintiffs receive less leniency regarding jurisdictional requirements. *See Kelley v. Sec'y of U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party . . . [but] a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). Thus, the Court cannot excuse Mr. Attia's failure to plead facts sufficient to establish subject matter jurisdiction simply because he is a *pro se* litigant.

Generally, under the Tucker Act, this Court possesses jurisdiction to entertain monetary claims founded upon the Takings Clause of the United States Constitution, statutes, executive regulations, or contracts. 28 U.S.C. § 1491(a)(1); *see United States v. Mitchell*, 463 U.S. 206, 215-18 (1983). The Tucker Act does not grant this Court the authority to hear "every claim involving or invoking the Constitution." *Eastport Steamship Corp. v. United States*, 178 Ct. Cl. 599, 604 (1976). The statutory or

constitutional claims that a plaintiff asserts must be "money-mandating" to come within the jurisdiction of the Court. *United States v. Testan*, 424 U.S. 392, 398 (1976). The Tucker Act permits the court to grant equitable relief under limited circumstances: "[t]o provide an entire remedy and to complete the relief afforded by the judgment, the court may, as *an incident of and collateral to any such judgment* . . ." issue equitable relief. 28 U.S.C. §1491(a)(2) (emphasis added). If the facts pled do not fit within the scope of a statute that is money-mandating or articulate claims incident of and collateral to a money-mandating claim, the proposed complaint cannot survive the *Foman* analysis.

    A.    The Only Proposed Claim Over Which This Court Has Subject Matter Jurisdiction, Mr. Attia's Pay Claim, Is Not Ripe For Adjudication

Although it is difficult to discern precisely what claims Mr. Attia intends to advance, it is possible, admittedly by strained reading, to construe several potential claims from the proposed complaint.[2] The proposed complaint asks the Court to adjudicate the following: whether the ABCMR will invalidate the well-established Harmless Error doctrine; whether the Uniform Code of Military Justice charges levied against Mr. Attia were false and fabricated; whether Mr. Attia's medical conditions were treated in accordance with applicable laws and regulations; whether Mr. Attia's redeployment orders were void; whether Mr. Attia was entitled to assignment to a warrior transition unit after his deployment; whether "false charges" can be used to deny "benefits of constructive service to include security clearance, awards and promotions;" whether Mr. Attia's pay and allowance after his reinstatement were in accordance with the law; whether the Government "planted evidence to establish probable cause and prosecute[Mr. Attia]

---

[2] The proposed amended complaint purports to state nine "claims." The "claims," however, appear to be legal arguments in support of Mr. Attia's anticipated dispositive motion. It is difficult to discern from the thirty-nine pages of the proposed amended complaint precisely what claims Mr. Attia intends to raise before the Court.

with false charges in retaliation to [Mr. Attia's] exercise of protected speech;" whether the Government violated Mr. Attia's liberty interests in separating him with a stigmatizing discharge based on false charges;" and whether the Government "violates the eighth amendment of the [C]onstitution and its own regulations in denying [Mr. Attia] effective medical care." *See* Pl.'s Mem. Supporting Mot. for Leave to Am. Compl., Ex. A, at 4-5.

The proposed amended complaint includes only one potential money-mandating claim—that the Army has not complied with the law regarding Mr. Attia's pay and allowance following his reinstatement. *See* Pl.'s Mem. Supporting Mot. for Leave to Am. Compl., Ex. A, at 4. Despite this claim's invocation of a money-mandating statute, Mr. Attia's back pay claim regarding monies owed to him since his reinstatement is not yet ripe for adjudication. Though Defense Finance and Accounting Services (DFAS) is working to process Mr. Attia's back pay award and allowances, it has not yet finalized the amount of back pay and allowances to which Mr. Attia is entitled. DFAS has not represented that it intends to deny Mr. Attia payment.

Absent a final decision by DFAS denying Mr. Attia pay, the issue is not yet ripe for judicial review and that claim should be dismissed. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967). The ripeness doctrine serves to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* Accordingly, amending the complaint to include the pay claim would be futile.

B.   The Court Does Not Have Subject Matter Jurisdiction Over The Remaining Equitable Claims

The remainder of the claims that can be construed from the proposed amended complaint seek equitable relief that is not incident of and collateral to Mr. Attia's pay claim. Equitable claims that are wholly distinct from the primary pay claim cannot be treated as incident of and collateral to a money judgment pursuant to 28 U.S.C. § 1491(a)(2). *See Flowers v. United States*, 80 Fed. Cl. 201, 222 (2009). Thus, for Mr. Attia to prevail on claims for equitable relief under § 1491(a)(2), his equitable claims *must* be part and parcel of the primary monetary claim for pay. To the extent Mr. Attia alleges a ripe monetary claim, that claim is for monies owed regarding allowances and special pays *after his reinstatement* in late 2013. *See* Pl.'s Mem. Supporting His Mot. for Leave to Am. Compl., Ex. A, at 4. The equitable claims alleged in the proposed amended complaint relate to Mr. Attia's service status, the treatment of injuries that Mr. Attia allegedly sustained between 2002 and 2005, the legitimacy of Mr. Attia's discharge from the Army in 2009, and the ABCMR's decision in 2012. *See* Pl.'s Mem. Supporting Mot. for Leave to Am. Compl., Ex. A, at 5-10. None of his equitable claims are incident of and collateral to Mr. Attia's claim for pay and allowances following his reinstatement in 2013. As such, amending the complaint to include these equitable claims over which the Court does not possess subject matter jurisdiction is futile.

## CONCLUSION

For these reasons, the Court should deny Mr. Attia's motion to amend the complaint.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

BRYANT G. SNEE
Acting Director

*Reginald T. Blades, jr.*
REGINALD T. BLADES, JR.
Assistant Director

ALEXIS J. ECHOLS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0463
Facsimile: (202) 307-0972
alexis.j.echols@usdoj.gov

OF COUNSEL:

CAPTAIN GEOFF GUSKA
U.S. Army Litigation Division
9275 Gunston Road
Fort Belvoir, VA 22060-5546

Date: March 12, 2014

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 12th day of March, 2014, I caused to be placed in the United States mail (first class mail, postage prepaid) copies of "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT" addressed as follows:

Anis Attia<br>
579 61st Street<br>
Apt. 1A<br>
Brooklyn, NY 11220-4632

_____